[No. 6381. Decided December 17, 1906.]

PARAGON MINING AND DEVELOPMENT COMPANY, *Respondent*, v. STEVENS COUNTY EXPLORATION COMPANY, *Defendant*.

ALEXANDER KERR *et al.*, *Appellants*, v. STEVENS COUNTY EXPLORATION COMPANY, *Defendant*.[1]

MINES AND MINING—LOCATION OF CLAIM—ABANDONED GROUND—CERTIFICATE. A mining location is not upon abandoned ground, within the meaning of the act of 1899, p. 71, § 8, requiring the certificate to state such fact, where the prior location was abandoned immediately upon the posting of notices, without the sinking of any discovery shaft, as required by section 2, before the notice could be filed for record.

Appeal from a judgment of the superior court for Stevens county, Poindexter, J., entered December 28, 1905, upon findings in favor of the plaintiff, after a trial on the merits

[1]Reported in 87 Pac. 1068.

before the court without a jury, in an action to determine adverse claims to a mining location. Affirmed.

*William E. Richardson*, for appellants.

*Merritt, Oswald & Merritt*, for respondent.

RUDKIN, J.—On the 15th day of March, 1905, the Stevens County Exploration Company filed in the United States land office, at Spokane, its application for a patent for the Velvet Lode Mining claim, accompanied by a plat and the field notes of the official survey made under the direction of the United States Surveyor General. Notice of this application was duly posted and published, and within the time required by law the Paragon Mining and Development Company and Alexander Kerr and Harry L. Stone filed adverse claims, under oath, setting forth the nature, extent, and boundaries of such adverse claims. Two actions were thereupon commenced in the superior court of Stevens county against the Stevens County Exploration Company to determine the right of possession to the grounds embraced in such application, one by the Paragon Mining and Development Company, the other by Kerr and Stone.

The application for a patent was based on a discovery and location made by one George Peone on the 7th day of April, 1904. The adverse claim of the Paragon Mining and Development Company was based on a discovery and location made by Oscar M. Matthews on the 2d day of March, 1904, called the Lucky Boy Lode Mining claim. The adverse claim of Kerr and Stone was based on a discovery and location made by them on the 1st day of June, 1904, called the Amended American Eagle Lode Mining claim. Each of these several claims conflicted with the others. By stipulation of the parties, the two actions were consolidated and tried together, and proper pleadings were deemed to have been filed as between the plaintiffs in the respective actions. The court made findings in favor of the plaintiff the Paragon Mining

and Development Company, and entered judgment accordingly, and from that judgment the plaintiffs Kerr and Stone have appealed.

As will be seen from the foregoing statement, the location under which the respondent claims was first in point of time, and unless there was some defect in the original location, or some failure to comply with the requirements of the law, the judgment should be affirmed.

The appellants contend, first, that the original location under which the respondent claims was invalid, because of a prior location made on the first day of January, 1904, by one Oscar Chamberlain; and second, that Matthews, under whom the respondent claims, failed to perfect his location by performing the labor required by § 2 of the act of March 2, 1899, Laws 1899, p. 69. On the question of the Chamberlain location, the court made the following finding, which was not excepted to:

"That on the 31st day of December, 1903, O. T. Chamberlain and U. W. Upton went to the mouth of the lower tunnel, as shown on plaintiff Paragon's Exhibit 1, at the northeast end of the two lines marked lower tunnel and remaining there until after twelve o'clock midnight of said 31st day of December, 1903, and posted at the entrance of said tunnel the notice marked plaintiff Paragon's Exhibit 6, and thereafter and on the 1st day of January, 1904, said Chamberlain and Upton set stakes at the northeast and southwest corners of the ground marked as the Night Hawk claim in red lines of Defendant's Exhibit 9 at the points marked corners 1 and 2, and thereupon and immediately left said ground and said claim and never did anything further in connection therewith, and did then and there and immediately abandon said Night Hawk claim."

If Chamberlain abandoned the claim on the 1st day of January, 1904, the ground was certainly subject to location on the 2d day of March following, unless other rights intervened. The appellants contend, however, that the Matthews location certificate does not state whether the whole or any

part of the new location is located on abandoned property, as required by § 8 of the act of 1899, *supra.* That section is as follows:

"The relocation of forfeited or abandoned quartz or lode claims shall only be made by sinking a new discovery shaft and fixing new boundaries in the same manner and to the same extent as is required in making a new location, or the relocator may sink the original discovery shaft ten feet deeper than it was at the date of commencement of such relocation, and shall erect new, or make the old monuments the same as originally required; in either case a new location monument shall be erected and the location certificate shall state if the whole or any part of the new location is located as abandoned property."

Under the finding of the court, as above set forth, it is apparent that this ground could not be classed as abandoned property, and that Chamberlain never proceeded far enough to acquire any rights to be lost by abandonment, or otherwise. Section 2 of the above act provides that: "Before filing such notice for record, the discoverer shall locate his claim by first sinking a discovery shaft upon the lode, to the depth of ten (10) feet from the lowest part of the rim of such shaft at the surface, . . . ." The court found that this requirement of the statute was complied with by the respondent's grantor, and the finding is sustained by the testimony.

There is no error in the record, and the judgment is affirmed.

MOUNT, C. J., FULLERTON, HADLEY, and DUNBAR, JJ., concur.